IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,                              Case No. 22-20057-04-DDC

v.

TAYVION D. HOWARD (04),

Defendant.

**MEMORANDUM AND ORDER**

Defendant Tayvion D. Howard has filed an unopposed motion under 28 U.S.C. § 2255. Doc. 192.  He asks the court to vacate his sentence because his trial counsel rendered constitutionally deficient performance.  Specifically, Mr. Howard asserts that "his lawyer failed to object to an improper sentencing guideline enhancement."  *Id.* at 2.  "To establish an ineffective-assistance-of-counsel claim, one must show both deficient performance and resultant prejudice to the defendant."  *United States v. Babcock*, 40 F.4th 1172, 1176 (10th Cir. 2022) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  The court considers each prong, in turn, below.

To prevail on *Strickland*'s first prong—constitutionally deficient performance— defendant "must show 'that counsel's representation fell below an objective standard of reasonableness[.]'"  *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland*, 466 U.S. at 688).  The court recognizes that, usually, review of this prong is highly deferential.  *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).  But, in this case, the government has conceded that Mr. Howard's counsel rendered inadequate assistance.  Doc. 192

at 1 ("The government joins in the requested relief.").  Such a concession isn't unheard of.  *See*

*United States v. McGaughy*, 670 F.3d 1149, 1153 (10th Cir. 2012) ("Here, the government

essentially conceded ineffective assistance of counsel[.]").  And so, the court adopts the parties'

position and finds that defense counsel's failure to object to an inapplicable enhancement[1]

amounted to deficient performance.

"As for *Strickland's* prejudice prong, [Mr. Howard] must establish that but for counsel's

errors, there is a reasonable probability 'the result of the proceeding would have been different.'"

*Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010) (quoting *Strickland*, 466 U.S. at 694).

The erroneous enhancement added two levels to Mr. Howard's offense level.  Mr. Howard's

Guideline range was 46 to 57 months, when a correct calculation would have produced 37 to 46

months.  U.S.S.G. ch. 5 pt. A (sentencing table).  The court sentenced Mr. Howard to 46

months—the lowest rung of a Guidelines sentence.  Doc. 147 at 2 (Judgment).  Had the PSR

calculated Mr. Howard's Guideline range properly, the court likely would've sentenced him to

37 months.  So, a reasonable probability exists that Mr. Howard, had counsel not missed the

improper enhancement, would have received a lower sentence.

The court thus grants Mr. Howard's § 2255 motion and vacates his sentence.  This Order

is stayed until the court can conduct a new sentencing hearing and enter an amended judgment

on the docket.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Howard's unopposed

Motion to Vacate Sentence under § 2255 (Doc. 192) is granted.

**IT IS SO ORDERED.**

---

[1]  The court assumes the reader's familiarity with its prior Order in this case, Doc. 175.  That Order explains the same error made for co-defendant Deldrick L. Bryant.

Dated this 13th day of May, 2026, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge